CALEB JEFFUS AND WIFE v. M. A. R. ALLEN ET AL.

(Case No. 1274.)

1. JUDGMENT.— Neither the title or possession of land can be affected by a judgment, as against one in possession claiming title, who was not made a party to the proceeding in which the judgment was rendered.

2. SAME — INJUNCTION.— See this case for facts authorizing a writ of injunction to restrain the execution of a writ of possession against one not a party to the proceeding in which the judgment was rendered.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

Suit brought by Jeffus and wife against appellees to limit and set aside in part a judgment recovered by appellees Walker and wife against appellant Caleb Jeffus and others in November, 1878, for the whole of the

Aughenbaugh league. The allegations in the petition were substantially the same as in the petition of the appellants in the preceding case, the present appellants being also appellants in that cause. In this suit appellants sued out a writ of injunction.

Mrs. Allen *et al.* filed the same exceptions in substance as in the case of R. N. Read *et al.*, and pleaded the judgment of Walker and wife in bar, and also pleaded in reconvention for damages for rent.

On the trial, September 4, 1880, the court sustained the exceptions of appellees and rendered judgment dissolving the injunction, dismissing the petition, and gave judgment for appellees on their plea in reconvention for $125 for rent for the year 1880.

Jeffus and wife alleged that they were in possession of the land claimed by them (one hundred and seventy-four and one-half acres), which was their homestead; that they had erected valuable and permanent improvements in good faith and had actual possession of one hundred acres of the land, including all the improvements, since January, 1872, claiming under deeds duly recorded, and paying all taxes, etc.; that the same was the separate estate of Mrs. Jeffus, and that she was no party to the suit, etc.; that appellants had, before the judgment was affirmed by the supreme court, in good faith, planted a crop; that the crop was ungathered and of value $500, and constituted their only means of support; that appellees were about to dispossess them of the premises, and had placed in the hands of the sheriff a writ of possession under the former judgment; that appellants had offered to pay reasonable rent for the year 1880, and to deposit a reasonable sum of money to pay such rent as might be due Walker and wife; but they refused to rent the premises or their interest in the same to appellants unless they would first recognize the title of said Walker and wife and their co-defendant, Mrs. Allen, as

tenants in common to the premises; that appellants had always been ready and now offered to pay reasonable rent for the interest of Walker and wife; and that Walker and wife have never claimed but an undivided half interest in the land, but they refused to partition and demand possession of the whole tract for themselves and Mrs. Allen jointly.

*J. R. Burnett*, for appellants.

*Nunn & Williams*, for appellees.

BONNER, ASSOCIATE JUSTICE.— The facts upon which this suit is based fully appeared in the preceding case of R. N. Read *et al. v.* M. A. R. Allen *et al.*, decided at the present term.

In the present suit Mrs. Jeffus, joined with her husband, Caleb Jeffus, being in possession of the land claimed by her, sought by injunction to restrain, as to this land, the execution of the writ of possession ordered in the original suit of Walker *v.* Read *et al.*, to which Mrs. Jeffus was not a party, in so far as it was sought thereby to give to Mrs. Walker the exclusive possession of this land. Mrs. Jeffus further sought in this suit to contest the title of Mrs. Allen to an undivided one-half of the land.

On the trial below the demurrer of Mrs. Walker and Mrs. Allen to the petition was sustained, the injunction dissolved and the petition dismissed; and the court, on the pleadings and evidence of Mrs. Walker and Mrs. Allen in reconvention, rendered judgment against the husband, Caleb Jeffus, and the sureties on his injunction bond, for the sum of $125, as damages for rents and profits, and for all costs of suit, and awarded an alias writ of possession. From that judgment this appeal is prosecuted.

Under the decision in the above case of Read *et al. v.*

Allen *et al.*, neither the title nor possession of Mrs. Jeffus to the land claimed by her was affected by the judgment in the original suit in favor of Mrs. Walker, either as against Mrs. Walker or Mrs. Allen; and the court below erred in the judgment deciding otherwise, for which that judgment is reversed and the cause remanded.

REVERSED AND REMANDED.