CATHERINE SYDEC ET AL. v. JUAN DURAN ET AL.

(No. 5387.)

JUDGMENT — FINAL, WHEN.— All parties are included in a final disposition of a case, although not named in decree.

STATEMENT.— The plaintiffs in this case are Catherine Sydec and John Sydec. The defendants named in the original petition are Juan Duran and M. L. Labasky. During the progress of the trial, by leave of the court, Dolores Wilder, John J. Wilder, Lizzie Wilder, Dora Dunlap and her husband, E. L. Dunlap, who, under said leave, appear for themselves, and Mary, Adaline, Frank, Julia, James and Aggie Wilder, who are minors, all of whom are alleged to be heirs of John Wilder, deceased, except E. L. Dunlap and Dolores Wilder, the latter being the widow of John Wilder, all answered and set up title under the Manuel Blanco league. Under leave of court the following other defendants were made parties defendant and answered, claiming title under a grant of two and one-half leagues granted to Powell & Hewitson, viz.: James Power, T. C. Lambert, Mary Power, Eliza Wilson, Phillip Power and Agnes Franklin, joined by her husband, John Franklin, claiming title from their deceased ancestor, James Power.

OPINION.— The judgment rendered by the court was a final judgment, to the effect " that the plaintiffs take nothing by their suit, and that the defendants go hence without day," and it proceeded to dispose of the costs of the suit.

This left nothing further to be adjudicated; and whether the judgment was erroneous or not in any particular, it was nevertheless a final judgment. It was a complete disposition as to all the parties to the suit and as to all the matters in controversy under the pleadings. Linn v. Arambould, 55 Tex., 617. That part of the judgment which adjudicates the recovery of costs by certain of the defendants against the plaintiffs specifies and includes all of them except James Power. Whether this were an unintentional omission of his name or whether it was purposely omitted does not matter. If the court adjudicated as to who should recover and from whom the cost should be recovered, whether erroneously or not, the judgment was rendered in favor of all the defendants; and if any objection existed, it would simply be a subject of complaint by the party injured complaining of the judgment.

The plaintiffs prosecuted this writ of error from the judgment, and they take no notice of James Powers in their citation of writ of error, nor is the writ of error bond made payable to him as one of the defendants.

That they have thus failed to serve him and make the bond payable to him along with his co-defendants is made the ground of the motion to dismiss this writ of error, which must prevail. Greenwade v. Smith, 56 Tex., 195; Smith v. Parks, 55 Tex., 83; Thompson v. Price, 55 Tex., 427; Harney v. Cummings, 62 Tex., 187.

WRIT OF ERROR DISMISSED.