J. S. Lang v. John Crothers.

Decided April 8, 1899.

</div>

**Landlord and Tenant—Estoppel—State School Land.**

A tenant who purchases the State's title to school land first purchased from the State by his landlord and then forfeited for nonpayment of interest, gets a title paramount to that of his lessor.

APPEAL from Wilbarger.   Tried below before Hon. G. A. BROWN.

*D. R. Britt* and *F. P. McGhee,* for appellant.

*J. A. Lucky* and *W. D. Berry,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellant Lang against the appellee Crothers on the 1st day of September, 1897, to recover the north half of section 22, block 2, H. & T. C. R. R. Company survey in Wilbarger County, set apart to the public school fund, and containing 320 acres.   The plea was not guilty.   The cause was tried by the court without a jury, and judgment rendered for defendant Crothers.   The judge filed conclusions of fact and law, both of which are excepted to, and a statement of facts is brought up in the record, and we are asked to revise one of the conclusions of fact so filed, as well as the court's conclusions of law.

We have examined the evidence as contained in the record relating to the rental contract under which Crothers held the land as tenant of Lang, and we find that the court's eighth conclusion of fact is correct, and that the evidence would hardly have warranted any other finding more favorable to appellant.   This disposes of the fourth assignment of error.

The record discloses that said section 22 was on the 4th day of September, 1883, public free school land, and on that day, under the Act of 1883, it was sold by the Commissioner to Coulson, who was an actual settler thereon, and he and vendees of his fully complied with the law requiring residence thereon and payments to the State until June 6, 1889, when appellee Crothers and one Davidson bought the section and divided it, Crothers taking the north half and Davidson the south.   They continued in possession and occupancy of their respective portions, and made all payments to the State required by law, until June 18, 1895, when each by separate deed with special warranty conveyed the same to the appellant Lang.

Davidson, it seems, moved off and gave full possession to Lang, but Crothers remained on the north half as tenant of Lang under a proposition made by Lang to the effect that he might keep and hold the land for a year by either paying the taxes thereon and interest due on the purchase from the State, or one-third of the crops raised thereon; but while Crothers failed to accept either proposition, he yet remained on the land and made a crop, but neither paid the interest due to the State nor any part of the crop, and in 1896 (the record nowhere gives the date), while appellee was still on the land, the Commissioner of the General Land Office declared the sale to Coulson forfeited for nonpayment of the interest due thereon January 1, 1895, and afterwards, during the same year (but the record does not disclose the month), and without having surrendered possession thereof to the appellant, Crothers, learning of the forfeiture, applied to the Commissioner to purchase the entire

section, and the same was awarded and sold to him under said application, and he has since complied with the law in all respects, and his claim thereto is in good standing in the Land Office.

In the year 1898 (the record does not disclose in what month) appellant Lang tendered to the State Treasurer $225, all the interest due on the Coulson purchase up to January 1, 1898, and by written application demanded of the Commissioner reinstatement thereof, but the money tendered, although sufficient in amount, and the application for reinstatement were refused because of the forfeiture aforesaid and the award and sale to Crothers.

The general rule is that the tenant can not dispute the title of the landlord under which he entered, or set up an adverse title thereto, without a surrender or eviction or something equivalent thereto. Tyler v. Davis, 61 Texas, 674; 2 Taylor's Landl. and Ten., secs. 705, 706. But it seems to be as well settled that he can do either without surrender of possession where the landlord's title has been legally extinguished or determined, so that it no longer exists, and he has become the purchaser of the paramount title. Ryder v. Mansell, 66 Me., 170; Hardin v. Forsythe, 99 Ill., 320; Lancashire v. Mason, 75 N. C., 458; Presstman v. Silljacks, 52 Md., 656; St. John v. Quitzow, 72 Ill., 335; Higgins v. Turner, 61 Mo., 250; 2 Taylor's Landl. and Ten., 8 ed., secs. 629, 708.

Here Lang's title had been canceled and forfeited by the Commissioner for nonpayment of the annual interest installments due on the purchase, which cancellation or rescission our Supreme Court has held may lawfully be made by the Commissioner, though purchased under the Act of 1883. Fristoe v. Blum, 45 S. W. Rep., 998.

This forfeiture or rescission took place in the year 1896, and when made by the Commissoner terminated and extinguished Lang's title completely, and the land being legally placed upon the market, and Crothers being an actual settler thereon, he had the right to apply for the purchase thereof the same as if he had never been a tenant of Lang, unless Lang had applied for reinstatement of the Coulson sale within the time required by law, which would have been within ninety days from the date it was again placed upon the market. He did not, by setting up his title in defense of Lang's suit, or by showing that Lang's purchase had been forfeited, dispute the title of Lang under which he entered. The logic of his plea and defense was: "True, Lang had title when I rented from him, but that title then held by Lang had, by the neglect and default of Lang, reverted to the State, and I bought the State's title,—the paramount title,—Lang's title having been extinguished, so that when this suit was brought it no longer existed."

We find no error in the judgment, and it is affirmed.

                                                    *Affirmed.*

Writ of error refused.