## D. H. Bruce v. Martha J. Richardson et al.

### Decided October 23, 1901.

**1.—Deed—Description—Limitation.**

A deed did not support defendant's claim of limitation, under the five years statute, when suit was for a specific tract of 100 acres out of a 1280-acre survey, and the deed described the land conveyed as 100 acres out of that survey deeded to B. whose deed was of 100 acres to be selected out of the survey.

**2.—Limitation of Five Years—Quitclaim Deed.**

A deed conveying only the grantor's right, title, and interest in the land described, such interest being only that of a tenant, will not support a claim by the grantee to limitation under the five years statute.

**3.—Limitation—Landlord and Tenant—Repudiation of Tenancy.**

The right of a tenant to set limitation running by claiming the land under conveyance to himself, without surrendering the possession, is questioned; but held not involved here, the period of limitation not having expired after notice to the landlord that the tenant claimed title.

**4.—Trespass to Try Title—Common Source.**

Plaintiff may recover in trespass to try title without deraigning from the State, on proof that defendants claim under one who obtained the possession as plaintiff's agent and tenant.

Error from McLennan. Tried below before Hon. Marshall Surratt.

Bruce sued Richardson and others in trespass to try title. Defendant had judgment and plaintiff appealed.

*Sleeper & Kendall,* for plaintiff in error.

*Baker & Ross, John S. Patterson,* and *Chas. A. Jennings,* for defendants in error.

The independent propositions submitted by defendants in error as reasons for affirmance were as follows:

The plaintiff did not prove his title to the land in controversy for the reason that the patent under which he claimed was issued to the heirs of Thomas M. Blake. The plaintiff did not prove that the grantors in the deed to him, namely, Coleman Blake and Nancy Blake, were the heirs of said Thomas M. Blake.

The plaintiff's deed from Coleman and Nancy Blake describes the land to be 100 acres to be selected by the plaintiff out of the Thos, M. Blake survey, containing 1280 acres, and there is no evidence in the record that he made such selection himself, or caused it to be made, except the declarations of one George W. Richardson, deceased, made in his lifetime, to third parties, who were permitted by the court below to testify to said declarations over the objection of defendants and to which a bill of exception was duly taken by the defendants in error, the subject of such declarations being that said Richardson made such selection for the plaintiff under the plaintiff's deed, and which testimony was wholly inadmissible, for the reasons assigned by the defendants in their said bill of exceptions.

But if the said declarations made by Richardson and testified to by plaintiff's witnesses were properly admissible in evidence, they still do not identify the land selected by the said Richardson by metes and bounds, as described in plaintiff's petition, for the reason that, giving full effect to the testimony, it amounted in substance to no more than a statement by said Richardson that the hundred acres selected was situated north of a 295-acre tract owned by himself, and that the same joined his land, but in what shape or form he did not specify; and the plaintiff failed to show by his evidence that the plat he introduced in evidence was the land selected by said Richardson, or that the land at the time said declaration was made, and pointed out, was inclosed so it could be identified, nor did the witnesses who testified to such declarations state that the field notes, as described in the petition, agreed with the plat introduced in evidence, or that said Richardson selected the land and had it run off by said field notes, or as shown by said plat, or that Richardson ever made or saw said field notes, or said plat, or had any connection whatever therewith.

KEY, ASSOCIATE JUSTICE.—D. H. Bruce, plaintiff in error, sued Martha J. Richardson and the other defendants in error to recover 100 acres of land in McLennan County. The defendants pleaded not guilty and the three, five, and ten years statutes of limitations. There was a jury trial resulting in a verdict and judgment for the defendants, and the plaintiff has brought the case to this court by writ of error.

We sustain the first, third, fourth, fifth, and sixth assignments of error and reverse the judgment. These assignments complain of the action of the trial court in holding that a certain alleged deed contained sufficient description to support the five years statute of limitation, and in submitting the case to the jury under the five and ten years statutes of limitation. The instrument referred to purports to be a deed from G. W. Richardson to Martha J. Richardson, and describes the property conveyed as follows: "All my right, title, and interest in 100 acres deeded to D. H. Bruce of the Thomas M. Blake survey." The plaintiff claims the land in controversy under a deed from Coleman and Nancy Blake, conveying to him "100 acres of land to be selected by said Bruce out of a certain tract of land herein described belonging to said Blake in McLennan County, Texas, known as 1280-acre tract, the warrant of which was issued to the heirs of Thomas M. Blake, located and surveyed in McLennan County by Louis P. Tutt, in February, 1869, and particularly described in the field notes of said survey on file at the General Land Office at Austin, and recorded in McLennan County." This latter deed was a valid executory contract, and entitled Bruce to select 100 acres of land out of the Thomas M. Blake survey; but the deed from G. W. Richardson to his wife Martha J Richardson does not refer in specific terms to this deed nor to any record, for a description of the land sought to be conveyed. The description given was not sufficient to support the statute of limitation. McDonough v.

Jefferson County, 79 Texas, 539. Furthermore, under the facts of this case, if the description should be held sufficient to identify the land, the deed could not form the basis for limitation, because it attempted to convey only G. W. Richardson's right, title, and interest in the land; and the only right, title, or interest that G. W. Richardson had in Bruce's 100 acres of the Blake survey was that of a tenant holding under Bruce. Therefore if the land be sufficiently described, Mrs. Richardson acquired no other right or title under the deed than that of a tenant under Bruce, and possession held under such deed was not adverse possesion. For these reasons, if for no other, the court should not have submitted to the jury the question of five years limitation.

In reference to the ten years statute of limitation the only evidence tending to show that Bruce had any knowledge of Richardson's repudiation of his tenancy prior to Bruce's removal from Kentucky to Texas in 1891 is that given by Mrs. Richardson, in which she states that in 1890 she had a conversation with Bruce in which she told him that Mr. Richardson had deeded the land to her and that she claimed it. If it be conceded that mere repudiation of the tenancy with knowledge thereof by the landlord would put the statute of limitation in operation, then the defendants failed to establish their plea of ten years adverse possession, because this suit was filed August 22, 1896, within about six years after Mrs. Richardson says she informed Bruce that she was claiming the land for herself. However, we do not wish to be understood as holding that mere repudiation of his tenancy by the tenant with knowledge thereof by the landlord and without surrendering possession, will suffice to put in operation the statute of limitation. See Juneman v. Franklin, 67 Texas, 411; Matfield v. Huntington, 43 S. W. Rep., 53; same case, 55 S. W. Rep., 361.

In reference to the independent propositions submitted by counsel for the defendants in error as reasons for affirmance of the judgment, it is sufficient to say that we can not hold that there is no testimony identifying the land sued for as that selected by G. W. Richardson for the plaintiff, nor was it necessary for the plaintiff to trace his title back to the State. The proof that G. W. Richardson, under whom the defendants claim, obtained possession of the land as the agent and tenant of the plaintiff, was sufficient to establish his title as against the defendants. Juneman v. Franklin, supra.

For the errors pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*