WILSON v. CLEMMONS. (No. 6653.)

(Court of Civil Appeals of Texas. Galveston. Nov. 4, 1914.)

1. JUDGMENT (§ 682*)—CONCLUSIVENESS—PERSONS CONCLUDED.

A. agreed with L. in 1895 that, if L. would take possession and hold 500 acres of land as his tenant for five years, he would convey to L. 50 acres of the tract. In pursuance of such agreement, L. took and held possession until 1899, when he conveyed his title and interest by a quitclaim deed to plaintiff's grantor, who held possession until 1900, when he conveyed to plaintiff, who then took possession. In 1899 a third party filed suit against A. and L. to recover the 500-acre tract, and recovered judgment in May, 1901, after plaintiff and his predecessors in title had fully performed the contract with A. *Held*, that this judgment was not conclusive in favor of one claiming under such third party as against plaintiff, who was not, and whose grantor was not, a party to the suit, especially where it appeared probable that the third party was claiming under a title acquired subsequent to the contract, with constructive notice of the rights of those in possession.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1203–1205; Dec. Dig. § 682.*]

2. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASER—NOTICE—POSSESSION.

Where an owner of land agreed that, if L. would take possession and hold it as tenant for five years, he would convey a part of the tract to L., the possession of L. and those claiming under him was constructive notice of their title or claim; there being nothing in the fact that they were in possession as tenants under a contract of purchase to change the general rule that possession of land gives constructive notice of the title or claim of the person in possession.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. § 232.*]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Action by J. W. Clemmons against A. D. Wilson. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith, Crawford & Mead, of Beaumont, and W. A. Johnson, of Woodville, for appellant. Joe W. Thomas and Joe A. Harper, both of Woodville, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title to a tract of 50 acres of land on the Robert Lucas survey in Tyler county. Plaintiff's petition, in addition to the usual allegations in an action of trespass to try title, contains allegations of title under the three, five, and ten year statute of limitation, and further alleges, in substance, that on or about September 7, 1895, the Sam Allen Lumber Company and Sam Allen entered into an agreement and contract in writing with A. G. Lindell, the grantor of plaintiff, whereby it was agreed that in consideration of said Lindell holding possession for five years, as a tenant for said company, 555 acres of the R. Lucas league in Tyler county, that said company would execute and deliver to said Lindell a good and sufficient deed to 50 acres out of the southeast corner of the 555-acre tract, and that Lindell and his vendees and this plaintiff complied in every respect with said contract, and the defendants herein at the time of their pretended purchase of said land had notice of the possession of plaintiff and his vendors and of their claim and rights under said contract. The defendants answered by pleas of not guilty and pleas of limitation of three and five years. The trial in the court below without a jury resulted in a judgment in favor of the plaintiff.

[1] The record shows the following facts: Sam Allen is the common source of the title under which both parties claim. In 1905 Sam Allen and A. G. Lindell entered in an agreement by which Lindell undertook to take possession and hold as tenant for said Allen, for a term of five years, a tract of 500 acres of land then owned by him and of which the 50 acres in controversy is a part, and in consideration of said Lindell's holding possession and protecting said 500 acres for the time mentioned, Allen agreed to convey to him 50 acres out of the southeast corner of said tract, to be taken in a square. This agreement was in writing, and in pursuance thereof Lindell took possession of said tract and made improvements in its southeast corner consisting of a dwelling house and a small field. He held possession by a tenant of the entire tract of land under his agreement with Allen until March 24, 1899, when he conveyed to J. J. Fields by quitclaim deed all of his right, title, and interest in said land under his said contract. Fields took immediate possession, and held same under said contract until January 22, 1900, when he conveyed to appellee the 50 acres in controversy. Appellee held possession of the 50 acres under his deed and said original contract with Allen until November 11, 1903, on which date he conveyed to T. A. Birdwell. Birdwell did not make his home on the land, but he kept his household goods in the house on said 50 acres and kept his hogs on the place. He did not cultivate the farm. On March 4, 1905, Birdwell reconveyed the 50 acres to appellee, who has held continuous possession thereof by tenants up to the time this suit was tried, but his possession has not been exclusive during said time; appel-

lant having at different times since 1904 been in possession of portions of said 50 acres. On May 9, 1899, E. A. Blount filed suit against Sam Allen, the Sam Allen Lumber Company, and A. G. Lindell to recover the 500-acre tract of land. Judgment was rendered in this suit on May 23, 1901, in favor of the plaintiff against all of the defendants. It does not appear under what title or in what right Blount recovered in this suit. The appellants have acquired the title obtained by Blount through this judgment.

Appellant's first assignment of error complains of the judgment on the ground that the court erred in the conclusion of law that, upon the facts found by the court, the substance of which we have before set out, appellee acquired title to the land under the contract between Sam Allen and A. G. Lindell and the deeds from said Lindell to Fields and from Fields to appellee. Under this agreement it is contended that the judgment in favor of E. A. Blount against Sam Allen, the Sam Allen Lumber Company, and A. G. Lindell was conclusive of any right or title which the appellee may have had in said land. This contention cannot be sustained. Neither appellee nor his vendor, Fields, who was in possession of the land at the time the suit was brought, was a party to said suit. Lindell had transferred his rights under his contract with Sam Allen to Fields, and the latter had taken possession of the land before the suit was instituted. Before the judgment was rendered the contract with Allen under which appellee held had been fully performed by appellee and his vendors, and he had acquired the title to the 50 acres as against Allen, and the judgment against Allen and Lindell could not divest him of the title so acquired.

As we have before stated, it is not apparent from the record when or from whom E. A. Blount acquired the title upon which he recovered in said suit, but from the finding of the court which is not challenged, that Sam Allen had title at the time he made the contract with Lindell, it is to be inferred that Blount recovered upon a title acquired under Sam Allen subsequent to the date of the contract with Lindell. If this is so, it is clear that the appellee, who succeeded to the rights of Lindell, if he had been made a party to the suit, could have enforced his rights under said contract against the subsequent purchaser, Blount, who was by the possession of appellee and his vendors charged with notice of their rights under the contract. This being so, it is, we think, clear that appellee's rights under the contract were not divested out of him by a judgment in a suit to which he was not a party.

[2] It is unnecessary to cite authorities on the proposition that the possession of land gives constructive notice of the title or claim of the person in possession. Appellant insists, however, that because the possession of appellee and his vendors, who were tenants of Allen during the five-year period of the contract, was Allen's possession, and not adverse as to any part of the land, it was not notice of any claim they had to the land other than as tenants of Allen. In support of this contention appellants cite the case of Robinson v. Bazoon, 79 Tex. 524, 15 S. W. 585; Reichstetter v. Reese, 39 S. W. 597; Bruce v. Richardson, 26 Tex. Civ. App. 615, 64 S. W. 785. The contention finds no support in the cases cited. The case first cited only holds that when a person in possession of land attorns to another his possession ceases to be adverse possession under the statute of limitation, not only against the person to whom he attorns, but against the true owner of the land. The other two cases hold that one who with knowledge of the facts purchased from a tenant who has not repudiated his tenancy and given notice to the landlord of such repudiation enters as a tenant of the landlord, and his possession is not adverse until he repudiates his tenancy.

There is nothing in these decisions which can be considered as a holding that the possession of a tenant under a contract of purchase is not notice of the tenant's rights under his contract, and we can see no sound reason for such holding. We think the trial court correctly held that appellee, upon the facts which we have before stated, acquired title to the 50 acres of land, under the contract between Sam Allen and Lindell, and that his title was not divested by the judgment in the suit brought by Blount against Sam Allen and others and to which appellee was not a party. This conclusion requires the affirmance of the judgment, and renders a discussion of the remaining assignments of error unnecessary. We will add, however, that the evidence is sufficient to sustain the finding that appellee, after the expiration of the five-year period, during which the land was held by him and his vendors as tenants of Allen, had and held exclusive adverse possession of the 50 acres acquired under the contract, cultivating, using, and enjoying the same continuously for more than three years, and was therefore entitled to a judgment in his favor on his plea of limitation of three years.

There is no evidence to sustain a finding that the 50 acres was ever the homestead of A. G. Lindell, and therefore there is no merit in appellant's contention that, because the deed from Lindell to Fields was not joined in by Mrs. Lindell, appellee did not show title or color of title, and could not for that reason prescribe under the three-year statute of limitation.

It follows from the conclusions above expressed that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.