Engenia Lorene Vidal BAKER et vir, Appellants,

v.

Joseph Arthur VIDAL, Appellee.

No. 6555.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 29, 1962.

Rehearing Denied Dec. 19, 1962.

Alex Guevara, Jr., Houston, for appellants.

Young, Young & Daggett, Houston, for appellee.

HIGHTOWER, Chief Justice.

This is a child custody case. The four children of appellee, Joseph Arthur Vidal and appellant Eugenia Lorene Vidal Baker, their mother, were awarded to said appellant at the time of divorce. Both parties subsequently remarried. At the conclusion of this custody action the children, Joe, Nancy, Gary and Betty, of the ages of 9, 5, 7, and 4 years respectively were awarded to appellee.

The substance of appellee's allegations for change of custody was that appellant and her present husband had neglected the children to such extent as to impair their physical and mental health; that the minor girls had been sexually molested by their stepfather, and that the children, having no love for their mother, appellant, were unhappy in her custody.

At the outset we sustain appellant's motion to strike the trial court's qualification of her bill of exceptions. There are several good reasons for our action in this respect. They have to do with the failure of the trial court to conform to the requirements of Rule 272, Texas Rules of Civil Procedure, regarding preparation of bills of exceptions. It will suffice, however, to say that the qualifications amounted to no more than an opinion of the trial court as to why the facts stated in the bill did not present reversible error. Such statements cannot be considered as a qualification. Jolly v. Brown, Tex.Civ.App., 191 S.W. 177.

Appellant's first point of error, as well as her aforesaid bill of exceptions, complains of the trial court's action in privately examining the children in chambers at the close of all the evidence, over appellant's objections. An official copy of the conversation between the court and the children appears in the statement of facts. It shows that appellant's present husband had taken immoral liberties with the privates of the two minor girls. The action of the court denied appellant the right of cross-examination and clearly constituted error. Dean v. Cone, Tex.Civ.App., 270 S.W.2d 242. We hold, however, that it was not reversible error. The record reflects the impartial testimony of a medical witness to the effect that the sexual parts of the minor girls had indeed been abused. There is a strong inference from the record that such abuse occurred while their custody was in appellant and her husband. By reason of this additional evidence, considered alone, we believe the

court would have been remiss in its duty had it failed to award custody of the children to appellee.

The record fully substantiates the other allegations of appellee's petition, as hereinabove set out, regarding change of conditions as to all the children, hence appellant's last point urging abuse of discretion of the trial court is also overruled.

Affirmed.