## MRS. A. M. PERRY v. MARY A. DOWDELL ET AL.

### Decided January 25, 1905.

**1.—Series of Notes—Assignment by Mortgagee—Priority of Liens.**

When a mortgagee assigns one or more of a series of notes, and retains the remainder, the assignee is entitled to priority of lien as against the mortgagee, with respect to the note or notes transferred, without regard to the order in which the notes mature; but, as between two or more assignees, no such priority exists, their liens being concurrent.

**2.—Same—Purchaser at Receiver's Sale—Assignee—Priority of Liens.**

The holders of one or more notes of a series, who acquired them by purchase from a mortgagee at receiver's sale, did not receive them "in the ordinary and usual course of business," and, in a controversy involving priority of liens between such purchasers and those holding other notes of the series, as assignees, they stand in the same attitude as would the mortgagee had he still been the owner of the notes.

**3.—Same—Builders' and Mechanics' Lien—Priority of Liens.**

A series of five promissory notes was secured by builders' and mechanics' lien, and two of them were assigned, for a valuable consideration and in the due course of trade, by the holder, and payment guaranteed by indorsement on the back of the notes. Held, that such assignee had a prior lien on the property, securing the indebtedness, as against those acquiring the remainder of the notes by purchase at receiver's sale, after suit had been instituted thereon by the original holder, and with full knowledge of his indebtedness and of the assignee's claim.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Ball & Ingrum*, for appellants.—An insolvent assignor and guarantor of notes assigned and himself holding the balance of the series secured by the same mortgage, would not be entitled to participate in the proceeds of the mortgaged property until the notes held by assignee and so guaranteed should be fully paid off and discharged, and to that extent the

assignee of such insolvent assignor and guarantor would have a preference and prior lien. Whitehead v. Fisher, 64 Texas, 641; Douglass v. Blount, 55 S. W. Rep., 526, and authorities there cited; White v. Downs, 40 Texas, 234, 237; Douglass v. Blount, 93 Texas, 499, 56 S. W. Rep., 334; Cannon v. McDaniel, 46 Texas, 313; 3 Pomeroy's Eq. (5th ed.), sec. 1203.

*Denman, Franklin & McGown,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This case is submitted to us upon the following agreed statement of the parties: "We, the parties to the above styled and numbered cause, and being all of the parties to this said suit, and whose names are signed hereto by the respective counsel, hereby agree that the following is a brief statement of this cause, and of the facts proven and agreed upon on the trial hereof as well as the issues as made by the pleadings:

"First. (a) The West End Town Company as plaintiff filed their original petition in this said cause on July 23, 1900, seeking to recover against J. T. Dowdell and Mary A. Dowdell on three promissory notes dated August 28, 1890, payable to the order of the West End Town Company for $487 each, bearing interest at the rate of 10 percent per annum, one maturing November 1, 1894, one November 1, 1897, and the other November 1, 1898, besides 10 percent attorney's fee, and seeking a foreclosure of builders' and mechanics' lien as it existed on the 28th day of August, 1890, and at any and all times thereafter upon lot 19, in block 8, in West End Town Company, first addition to the city of San Antonio, in Bexar County, Texas.

"(b) The intervener, Mrs. A. M. Perry, filed her original petition of intervention herein on November 5, 1900, alleging in substance that there was a series of five notes executed at the same time by the said defendants and payable to the order of the West End Town Company and for the same amounts and secured in the same way and bearing the same rate of interest, and of which the three notes described in plaintiff's said petition was a part of the series, and that said intervener was the holder of two of said notes, one maturing November 1, 1895, and the other November 1, 1896, and that said intervener had purchased the same in due course of trade long before the maturity thereof, for a good and valuable consideration, and that the said West End Town Company had endorsed and delivered said notes to said intervener and had also subsequently for a good and valuable consideration specially guaranteed the payment thereof in writing which was endorsed upon the back of each of said notes; and admitting some considerable credits on the said note first maturing; and said intervener also claimed that she was entitled to a priority in the payment of said notes held by her and to the security given thereupon and therefor by reason of the fact that the said West End Town Company had endorsed and delivered said notes to said intervener and had specially guaranteed the payment thereof and was then the legal owner and holder of the remaining of said series of notes.

"(c). The interveners, Julia W. Anderson and F. H. Balwin, filed

their petition of intervention herein on the 15th day of June, 1904, alleging in substance that since the institution of this said suit that plaintiff, the said West End Town Company, had been placed in the hands of a receiver in the United States Circuit Court, in and for the Western District of Texas, and that by regular proceedings had therein, the property belonging to plaintiff, West End Town Company, including the notes herein sued upon and described in plaintiff's petition had been sold to satisfy a judgment rendered in said court and had been purchased by said interveners at receiver's or master's sale, and that said interveners were then the legal owners and holders of said notes, and praying for judgment thereupon.

"(d)   J. T. Dowdell did not answer, but in the meantime died, leaving a last will and testament appointing his wife, Mary A. Dowdell, codefendant in this cause, as sole independent executrix of his estate, and sole devisee and beneficiary thereunder, and the said Mary A. Dowdell as such said independent executrix filed her answer in this said cause on the 15th day of June, 1904, consisting only of a general denial.

"The said Mary A. Dowdell also on the 2d day of October, 1900, filed an answer upon her own behalf individually, setting up that she was a married woman at the time of the execution of said notes and that said indebtedness was not incurred for the benefit of her separate property or for necessaries of herself and children, and asking that a judgment be not rendered against her personally.

"(e)   The said intervener, Mrs. A. M. Perry, filed her first amended petition herein on the 15th day of June, 1904, setting up substantially the facts as set out in her original petition, and that the said interveners, Julia W. Anderson and F. H. Balwin, had purchased the said three notes originally sued upon by plaintiff after said intervener had filed her petition herein, and therefore had knowledge of the contents of said petition, and that the said Anderson and Baldwin were not innocent purchasers of said notes in due course of trade for a good and valuable consideration, but purchased the same long after maturity thereof, and during the pendency of this said suit aforesaid, and further alleging and claiming a priority upon the property securing said series of notes and that the said West End Town Company was insolvent at the time of the filing of the suit and at all times since, and especially at the time of the purchase of said notes by said interveners, Anderson and Baldwin, and that they had purchased with full knowledge of the insolvency of said West End Town Company, they being parties plaintiff in the said proceeding against the said West End Town Company, in the United States Circuit Court, out of which the process was issued and said notes sold and purchased by the said interveners, and praying that the indebtedness and notes held by the said Mrs. A. M. Perry be decreed and declared to be a first and prior lien upon the property securing the same as against the indebtedness and notes held by the interveners, Julia W. Anderson and F. H. Baldwin.

"Second.   (a)   Upon the trial of this said cause the notes of the respective interveners and the builders' and mechanics' lien securing same were introduced in evidence without objection, and it was agreed that each intervener was entitled to judgment for the debt asserted by

them respectively with foreclosure of the lien securing same; and upon the question of priority of lien it was agreed by all parties hereto that the said West End Town Company is and was insolvent at the time of the filing of this suit, and also at the time of the purchase of said notes by said interveners, Julia W. Anderson and F. H. Baldwin, and that they purchased the same on or about the 12th day of October, 1902, with full knowledge of the facts as claimed and alleged by said intervener, Mrs. A. M. Perry, and it was also admitted that the said West End Town Company had endorsed and delivered said notes to the said Mrs. A. M. Perry in due course of trade, before the maturity thereof, for a good and valuable consideration, and that aside from the endorsement upon said notes by the West End Town Company the said West End Town Company had, for a good and valuable consideration, guaranteed the payment thereof by written endorsement thereupon as follows: 'We hereby guarantee the payment of within note. West End Town Company, by Geo. W. Russ, President, November 9, 1896;' and was bound as endorsers and guarantors of said notes for the payment thereof to the said intervener, Mrs. A. M. Perry.

"(b)   The said Mary A. Dowdell made no defense in this said cause as independent executrix of the estate of J. T. Dowdell, deceased, nor as to herself against a foreclosure of the lien upon the property in controversy; and all parties agreed that she was a married woman at the time of the execution of the notes in controversy, and should not and would not be personally held thereupon.

"Third.   It was further agreed by and between all the parties hereto that the only controverted issue of law arising in this said cause is between the intervener, Mrs. A. M. Perry, and the interveners, Julia W. Anderson and F. H. Baldwin, and was and is:

"Whether or not the said intervener, Mrs. A. M. Perry, under the pleadings and admissions as above stated was entitled to a priority of lien in said security by reason of the facts aforesaid or whether or not the said lien securing all of said notes was concurrent.

"Fourth.   Upon the trial of said cause, the trial court held the lien concurrent and refused to give priority to the lien of said intervener, Mrs. A. M. Perry, as claimed by her, and this is the only question and controversy to be decided upon the appeal of this said cause to the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas.

"We hereby agree that this said cause upon appeal may be decided upon this agreed statement in accordance with the provisions of the statute and determined accordingly."

The question thus presented is, whether the lien of Mrs. Perry is entitled to priority over the liens of appellees, or is merely concurrent with and of no higher standing than theirs.

In the case of Douglass v. Blount, 22 Texas Civ. App., 493, 55 S. W. Rep., 526, it was said by this court in an opinion by Justice Fly that "when the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee with the respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature." This principle

is supported by the overwhelming weight of authorities in this country, and was upheld and applied by us in that case.

As appellees purchased their notes at a receiver's sale, they can not be held to have received negotiable paper "in the ordinary and usual course of business." (Randolph Com. Paper, sec. 991; Daniel Ng. Instrument, sec. 781; Tied. Com. Paper, sec. 294.) Therefore, in considering the question it must be held that they stand in the attitude the West End Town Company would have occupied were it still the owner and holder of the notes owned by appellees.

If, then, the opinion of this court in Douglass v. Blount correctly announces the law in this state upon the question then decided, it is conclusive of the question presented here. That that decision correctly announced the law as it then stood in this state upon the question, we have no reason to doubt. .

In the case referred to (93 Texas, 500), an application for a writ of error was made to the Supreme Court upon the ground that our decision overruled one of the opinions of that court. In passing upon the application, the court reviewed the cases of Wooters v. Hollingsworth, 58 Texas, 271, and Salmon v. Downs, 55 Texas, 243, and showed there is no conflict between them and Whitehead v. Fisher, 64 Texas, 638, and held that if the latter case overruled the two former, the court could not grant a writ of error on the ground of conflict, because the decisions claimed to be overruled were ones which had been previously overruled by the Supreme Court.

In referring to the apparent conflict and explaining that it was not real but only apparent, the court said: "The reason is that in that case (Fisher v. Whitehead) the contest was between the original lienholder and the assignee, and in the former cases (Salmon v. Downs and Wooters v. Hollingsworth) the contesting parties were all assignees. The cases are therefore distinguishable, and while it seems to us that it is a distinction without a difference, yet it has been held that a different rule prevails where the contest is between the assignor or original lienholder and an assignee, from that which obtains between two or more assignees."

This shows a recognition of the distinction by the Supreme Court between cases where the contest is between the original lienholder and the assignee and those in which all the contesting parties are assignees, and leaves unimpaired the principle "that, without an agreement to that effect, the assignee of one of the notes secured by mortgage is entitled to be paid out of the proceeds of the mortgaged property in preference to the mortgagee, who retains one or more notes secured by the mortgage," announced by the Supreme Court in Whitehead v. Fisher, 64 Texas, 641, and reiterated by us in Douglass v. Blount, *supra*.

After the Douglass-Blount case was reversed and remanded by this court it was again tried, and the judgment rendered in it appealed from. On the last appeal (95 Texas, 369) the question under consideration in this case was not involved, and, consequently, not decided. Nor has the question presented here, so far as we are informed, been decided by any of the Appellate Courts in this State since it was determined by us in the case referred to. This leaves the principle contended for by appellant unimpaired and is decisive of the question presented.

Therefore, the judgment of the District Court will be so modified as to give appellants' lien priority over the liens of appellees, and as thus modified will be affirmed.

*Reformed and affirmed.*

Writ of error refused.