## JULIA W. ANDERSON ET AL. v. MRS. A. M. PERRY ET AL.

### Application No. 4537.   Decided March 20, 1905.

**1.—Lien—Notes—Assignment—Priority—Waiver.**

The holder of several notes secured by mechanics' lien, indorsing two of them and afterwards for a valuable consideration giving the purchaser a written guaranty of their payment, thereby waived, as to such indorsee, his co-ordinate lien for the notes retained by him, and it became subordinate to that of the notes assigned.   (P. 494.)

**2.—Same—Ruling Limited.**

Whether the mere indorsement of two of a series of notes having co-ordinate liens for their security gave to the indorsee priority over the lien of the notes retained by the indorser is not decided.   (P. 494.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Suit was brought by the West End Town Company against Dowdell and wife to recover on three promissory notes and foreclose a builder's and mechanic's lien for their security. There were five notes given by Dowdells for the indebtedness, all secured by the same lien and maturing on the first of November, 1894, 1895, 1896, 1897 and 1898 respectively. The town company had assigned to Mrs. Perry the two notes maturing in 1895 and 1896, and had subsequently guarantied their payment in writing. Upon these notes Mrs. Perry intervened and claimed priority of lien for them over the notes which had been retained and sued on by the town company. Thereafter the property of the West End Town Company was placed in the hands of a receiver, and Julia

W. Anderson and F. H. Baldwin, having purchased the notes originally sued on at receiver's sale, intervened as their owners. The Court of Civil Appeals held their lien to be subordinate to that of the two notes held by Mrs. Perry, 'the trial court having held the liens co-ordinate. Anderson and Baldwin then applied for a writ of error. The case appears in the Court of Civil Appeals under the style of Perry v. Dowdell

*Denman, Franklin & McGown,* in support of the application, cited: Douglass v. Blount, 95 Texas, 371; Lewis v. Ross, 95 Texas, 359; Lewis v. Ross, 65 S. W. Rep., 504; McMichael v. Jarvis, 78 Texas, 671; Wooters v. Hollingsworth, 58 Texas, 371; Salmon v. Downs, 55 Texas, 243; Glaze v. Watson, 55 Texas, 563; Delespine v. Campbell, 52 Texas, 5; Robertson v. Guerin, 50 Texas, 317; Paris Ex. Bank v. Beard, 49 Texas, 359; Cannon v. McDaniel, 46 Texas, 305; Delespine v. Campbell, 45 Texas, 629.

GAINES, Chief Justice.—We are of the opinion that the judgment of the Court of Civil Appeals which awarded Mrs. A. M. Perry a priority of lien is correct, and that therefore the application for the writ of error ought to be refused. We base our opinion, however, upon the ground, that the West End Town Company, while retaining the notes now held by the applicants for the writ of error, guaranteed the payment of the notes assigned by it to Mrs. Perry. We think that guarantee inconsistent with the retention of a co-ordinate lien for the payment of the notes retained by the company and that it had the effect to waive any existing lien in the company's favor upon the same property. It is not necessary for us to decide, in this case, the question whether, when the holder of two or more promissory notes, which are executed at the same time and are secured by a lien upon real estate, assigns one of them and retains the other or others, he thereby gives to the assignee a priority of lien to secure the note so assigned. We do not pass upon that question.

The writ of error is refused

*Writ of error refused.*