## B. O. WALCOTT v. TONEY CARPENTER ET AL.

### Decided November 24, 1910.

**Vendor's Lien—Indorsement of Note—Priority of Payment.**

The holder of four notes for purchase money of land, secured by vendor's lien, transferred to another, by indorsement in blank, the note first maturing; he made defendant to his suit to foreclose the lien of the remaining notes the holder of the one so transferred, and the latter, under pleading asserting the priority of his lien and personal liability of the indorser on the assigned note, had judgment for prior payment out of the proceeds of the foreclosure sale. Held that the judgment was correct, the liability of an indorser, when properly fixed, having the same effect as to the priority of the lien as his guaranty of its payment (Anderson v. Perry, 98 Texas, 493) and the judgment rendered, the maker of the note being insolvent, was a proper method of enforcing such personal liability as indorser without circuity of action.

Appeal from the District Court of Lamar County. Tried below before Hon. Ben H. Denton.

*J. W. Gross,* for appellant.—On the transfer of one or more of a series of vendor's lien notes, where the original vendor retains the others of the same series, without any agreement as to the priority of liens, the assigned note carries with it the lien co-ordinate, or equal, with those retained by the vendor, and such assigned note is not entitled to priority by law. Salmon v. Downs, 55 Texas, 243; Wooters v. Hollingsworth, 58 Texas, 371; Whitehead v. Fisher, 64 Texas, 638; Douglass v. Blount, 93 Texas, 439; Lewis v. Ross, 95 Texas, 358; Anderson v. Perry, 98 Texas, 493. See also Simkins on Equity, pp. 276 and 277.

*J. L. Young,* for appellees.—Where the vendor holding purchase money notes transfers one or more of them and retains the others the assignee has a prior lien on the land to the extent of his notes. Boren v. Billington, 82 Texas, 137; Douglas v. Blount, 22 Texas Civ. App., 493; Douglas v. Blount, 93 Texas, 499; Dilley v. Freedman, 25 Texas Civ. App., 39; Perry v. Dowdell, 38 Texas Civ. App., 96.

LEVY, ASSOCIATE JUSTICE.—On November 9, 1902, appellant sold W. H. Richardson certain land, in consideration of $600 cash and four notes due one, two, three and four years after date respectively, and

payable to the order of appellant. The conveyance expressly retained the vendor's lien to secure the payment of the notes. The first of the series of purchase money notes was for $200, and became due on January 1, 1903. On January 2, 1905, the first note being still unpaid, appellant, for a valuable consideration, transferred it to J. B. Jackson and endorsed it in blank; and afterwards Jackson transferred the note, for a valuable consideration, to appellee Carpenter. The appellant retained the other three notes. Appellant brought the suit against the maker of the notes and to foreclose the vendor's lien, and made appellee Carpenter a party as a lien holder, and asked that she be required to set up her rights, and that the land be sold and the proceeds be apportioned according to the rights of the parties. Appellee Carpenter answered that the said note for $200 held and owned by her was endorsed by the appellant, and that he was personally liable thereon, and that she was entitled to and should be allowed priority of lien in the security. The trial was to the court, and judgment was entered awarding the amount of their several notes in favor of the appellant and appellee Carpenter respectively against the maker, Richardson, and foreclosing the vendor's lien on the land, and ordering the sale, and awarding priority of lien in the security to appellee Carpenter for the note held by her and endorsed by appellant.

*After Stating the Case.*—The court made the finding that the first note of the series of four purchase-money notes executed to appellant and payable to his order, was by him "transferred by endorsement," and he retained the other three notes; and the court concluded, and so awarded, that appellee Carpenter, the owner and holder of the note endorsed, was entitled, as against appellant, the original owner and holder of the three remaining notes, to a priority of lien in the fund arising from the sale of the land for payment of the note so transferred and endorsed. The point made by the assignment of appellant is that the appellee was entitled to a pro rata share, and not to priority of payment, in the fund arising from the sale of the land. We assume that the court meant by "transferred by endorsement," to find as a fact that appellant signed his name on the back of the note and then made delivery of it to Jackson. There is nothing in the record to show us to the contrary of this being the fact. We further assume, in support of the judgment, that appellant's liability as an endorser was properly and duly fixed, and that he was not discharged of his liability. The pleadings raise the issue. The judgment of the court awarding a priority involves the finding of fact that his liability was duly fixed. There is no point made on appeal in this respect. In denying the application for writ of error (Anderson v. Perry, 98 Texas, 493, 85 S. W., 1138) in the case of Perry v. Dowdell, 38 Texas Civ. App., 96, 84 S. W., 833, wherein the West End Town Site Company had endorsed and guaranteed the payment of the notes to Mrs. Perry, the Supreme Court approved the award of priority of lien in favor of Mrs. Perry, upon the ground that it sufficiently appeared that it was the intention and agreement of the parties that such guaranteed notes should have priority over the notes in possession of the West

End Town Site Company. The ruling, we understand, was expressly confined to agreed priority against the vendor himself. The only difference between that case and the instant one lay in the fact that in that case the town site company guaranteed the payment of the notes, and here it is an endorsement in blank. An endorsement in blank amounts to more than merely a simple transfer of title to the note. It is also a contract on the part of the endorser to pay the same to the endorsee, or holder, if not paid at maturity by the maker of the note when duly presented for payment, upon due and reasonable notice given to him of its non-payment at the time by the maker. Beall v. Alexander, 6 Texas, 532; 1 Daniel on Neg. Inst., 669a. The material point of difference between guaranty and endorsement, as referable to the original payee in the note that is transferred by guaranty or endorsement, is as to the extent of liability when measured by the diligence due from the creditor, in order to charge such guarantor or endorser. 2 Daniel on Neg. Inst., 1754; 1 Brandt on Suretyship Guaranty 3, 106; Burrow v. Zapp, 69 Texas, 474, 6 S. W., 783; Smith v. Ojerholm, 18 Texas Civ. App., 111, 44 S. W., 41. Both are agreements to pay the note. Consequently, whether the original payee in the note be treated as a guarantor or as an endorser, the agreement amounts to nothing more than an engagement upon his part that the maker of the note should pay the sum for which the note was given. When that sum is paid by the maker either would be discharged of his agreement. If the proper diligence is used by the creditor, then each is liable for his undertaking. Therefore if a guaranty operates to give a priority, an endorsement in blank would have the same effect. The case *supra* rules the instant case.

Even if there was no agreement of priority, there is still another and sufficient reason, we think, on which the judgment of priority in this case should be sustained. It is upon the ground of remedy in the case, authorized by the pleading, to avoid circuity of enforcement of the payment of the deficiency, failing a sufficiency of the proceeds of the sale of the property to pay all the indebtedness secured by the lien. The pleadings of appellant and appellee on the facts alleged asked that the rights of the parties be adjusted between them out of the sale of the property; and appellee further claimed that appellant was personally liable on the endorsement, and that the maker was insolvent. By the award of priority the court assumed a deficiency of payment out of the fund, and contemplated the right of appellee to enforce the payment of the deficiency out of property of the appellant, the maker of the note being insolvent; and as a means or remedy of enforcing collection of the deficiency directed that the appellant's share and interest in the fund to be realized be applied to the payment of the note in discharge of his undertaking as endorser. The court had the power to determine the rights of the parties to the fund of the sale, which he was called upon by the pleadings to do, and to award the proper enforcement of the rights; and the award of priority was a

just and direct remedy to enforce payment of the difference, in favor of appellee, failing the sufficiency of the sale to pay the debt.

The judgment was ordered affirmed.

*Affirmed.*