## MARTIN v. GRAY et al.

(Court of Civil Appeals of Texas. Ft. Worth.
June 21, 1913.)

1. APPEAL AND ERROR (§ 742*)—STATEMENT OF FACTS—NECESSITY.

Assignments of error, which are not followed by a statement of facts pointing out the error, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. VENDOR AND PURCHASER (§ 292*)—LIENS — RIGHTS OF INDORSEE — PROCEEDS OF SECURITY.

Where the payee of a series of notes severally transfers them all to different persons, the transferees are entitled to share equally in the proceeds of the security.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 826–828; Dec. Dig. § 292.*]

3. VENDOR AND PURCHASER (§ 292*) — LIENS — RIGHTS OF INDORSEE — PROCEEDS OF SECURITY.

Where the original payee retains part of a series of notes, and transfers the remainder by usual indorsement or guaranty, the rights of the original payee to the proceeds of the security are postponed until the transferred notes have been satisfied, but this rule does not apply where the indorsement was without recourse.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 826–828; Dec. Dig. § 292.*]

4. VENDOR AND PURCHASER (§ 292*) — VENDOR'S LIEN—ASSIGNMENT OF LIEN.

Where the payee of a series of vendor's lien notes indorsed a part of them to another without recourse, but at the same time executed an assignment, which stated that the notes were prior incumbrances upon the land, and warranted the title to be perfect in the grantee, except for the incumbrance of the assigned notes, the notes so transferred are entitled to priority over those retained in the distribution of the proceeds of the land sold to foreclose the lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 826–828; Dec. Dig. § 292.*]

5. EVIDENCE (§ 461*)—PAROL EVIDENCE AFFECTING WRITINGS — INTENTION OF ASSIGNOR.

In such a case, parol evidence was inadmissible to show that the assignor did not intend to confer priority by the assignment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by C. W. Martin against J. C. Gray and another to foreclose a vendor's lien, securing certain notes. From a judgment allowing foreclosure, but providing that the holder of other notes should share in the proceeds of the sale, plaintiff appeals. Judgment reformed and affirmed.

A. J. Clendenen, of Ft. Worth, for appellant. Smith & Palmer, of Comanche, for appellees.

CONNER, C. J. This suit was instituted by C. W. Martin against J. C. Gray and Walter Gray as makers of 10 promissory notes, executed by them and made payable

to Mrs. M. S. Gaines, aggregating at the date of the trial $4,665.12. The notes had been given for part of the purchase money of a certain tract of land described in the petition, and the plaintiff sought to foreclose the vendor's lien. It was alleged that the notes sued upon were 10 of a series of 15 notes executed by the Grays, and payable to Mrs. M. S. Gaines, and that she had retained the first five of the series at the time of her transfer of those sued upon by the plaintiff.

[1] The plaintiff further sought to avail himself of the benefits of a chattel mortgage that had been given to Mrs. Gaines by the Grays to secure the principal of the first note in the series, and the interest on the whole, and there has been an effort to raise some question with reference thereto, but inasmuch as the assignments relating to the chattel mortgage are not followed by any statement pointing out error, no further notice of the chattel mortgage or of questions relating to it will be taken.

The material question presented for our consideration is one of priority of lien. It appears from the court's findings of fact and the undisputed evidence that plaintiff's title to the notes sued upon rests upon an indorsement "without recourse," signed by Mrs. M. S. Gaines, and the following written instrument, executed at the same time: "Hillsboro, Texas, October 20, 1911. For a valuable consideration I hereby sell and transfer to C. W. Martin 15 notes of $180.00 each signed by W. L. Hardin, 4 notes aggregating $360.00 signed by D. Y. Reed, 5 notes signed by S. R. High aggregating $750.00, 9 notes signed by Mike McCann, aggregating $2,362.12, 4 notes signed by A. W. Payne amounting to $560.00, 10 notes signed by J. C. and Walter Gray aggregating $3,802.00, all of said notes being a vendor's lien on lands for which they were given and being the prior incumbrances on said land, and I hereby warrant the title to said land to be perfect to the grantees to all said land in the deeds given when these notes were made subject only to the incumbrance on same to secure the payment of the above-described notes. M. S. Gaines." The trial court received the evidence of Mrs. Gaines, to the effect that at the time of the execution of this instrument she did not intend thereby to confer upon plaintiff priority of lien over her own notes, it being her purpose that the notes transferred to the plaintiff and those retained by her should share ratably in the security, and the court so found and adjudged. It is undisputed, however, that at the time of the execution of the instrument quoted nothing of the kind was said. In other words, the right of Mrs. Gaines, if any, to share ratably in the security must rest alone upon the indorsement mentioned and the written instrument quoted.

[2, 3] It seems to be finally pretty well settled, where a payee of a series of notes severally transfers them all to different persons, that the transferees are entitled to equally share in the proceeds of the security, but, where such original payee retains part of the series transferring the remainder by the usual indorsement or guaranty, that then the notes so retained by the payee will be postponed in the enforcement of the lien in favor of those to whom part of the series may have been so transferred. But the later rule is not applied, nothing else appearing, where the payee, as here, transfers part of a series of notes without recourse. See Fitch v. Kennard, 133 S. W. 738; Walcott v. Carpenter, 132 S. W. 981; Perry v. Dowdell, 38 Tex. Civ. App. 96, 84 S. W. 833; Anderson v. Perry, 98 Tex. 493, 85 S. W. 1138; Dilley v. Freedman, 25 Tex. Civ. App. 39, 60 S. W. 448; Lewis v. Ross, 65 S. W. 504; Douglass v. Blount, 93 Tex. 499, 56 S. W. 334.

[4] In the case before us, however, as already seen, in addition to the indorsement without recourse the payee, retaining part of the series, executed a formal written assignment, and its consideration leads us to the conclusion that its legal effect was to confer upon the plaintiff in the suit priority in right to participate in the proceeds of the land upon which the lien of the notes rested. By the terms of the instrument the notes in controversy were expressly declared to be "prior incumbrances," and were expressly made "subject only to the incumbrances on same to secure the payments of the above-described notes," among which were those in controversy. These terms are inconsistent with the claim of the appellee Gaines that the notes retained by her were to be of equal dignity with those transferred and entitled to a ratable participation in the sale of the security.

[5] The court, therefore, erroneously admitted the parol evidence tending to vary the legal effect of the instrument, and erred in his judgment in awarding to appellee Gaines the right to a proportionate share of the proceeds of the land ordered sold in the enforcement of the vendor's lien.

In other respects we find no error in the judgment, and the court's conclusions of fact, not in conflict with what we have said, will be approved, but the judgment will be reformed and affirmed so as to give appellants the priority of lien claimed by him.

Judgment reformed and affirmed.