**MILLER v. NICHOLS et al. (No. 10416.)**

(Court of Civil Appeals of Texas. Fort Worth.
Nov. 10, 1923.)

1. **Judgment** ☞251(2)—**In view of pleadings and evidence, judgment on vendor's lien notes in favor of payee, instead of assignee, held error.**

The assignee of two of five vendor's lien notes, given in partial payment of land, testifying without contradiction as intervener; in suit on the other notes by the assignees thereof, that such two notes were transferred to him in consideration of his wife, who had an interest in the land, joining in the deed; and the vendor payee making no answer and defaulting, though duly cited, it was error to render judgment on such two notes for the payee, rather than intervener, on the ground that he was not the owner thereof, because he had paid no valuable consideration therefor.

2. **Vendor and purchaser** ☞261(5)—**Decreeing lien of part of vendor's lien notes superior to others given at same time held error.**

Where five vendor's lien notes, maturing in successive years, were given in partial payment of land, and they were assigned to different persons, it was error to decree the lien of those first maturing to be superior to that of the others; nothing appearing as to the order of their assignment, or that there was any agreement of the assignor for such superiority, or, if so, that it was known by the other assignees.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Action by W. T. Nichols, Jr., against C. L. Crockett and others, on vendor's lien notes. From an adverse judgment, intervener E. P. Miller appeals. Judgment reformed.

W. G. Eustis, of Henrietta, for appellant. Benson & Benson, of Bowie, and Wantland, Dickey & Glasgow, of Henrietta, for appellees.

DUNKLIN, J. Mrs. K. C. Allen sold to C. L. Crockett a tract of 80 acres of land, and in part consideration therefor Crockett executed to her five promissory notes secured by vendor's lien on the property for the principal sum of $400 each, bearing interest from date at the rate of 8 per cent. per annum, with 10 per cent. additional for attorneys' fees if sued on. The sale was made on July 26, 1920, and the first note matured January 1, 1922, and one of the remainder of the series on the 1st day of January of each succeeding year up to and including the year 1926. The notes were numbered 1 to 5, inclusive, in the order of their maturity. Mrs. Allen sold notes 1 and 2 to H. A. Inman, and W. T. Nichols, Jr., became the owner of those two notes by successive transfers from Inman and his assignees. Note No. 3 was sold by Mrs. Allen to Mrs. L.

B. Brown, and notes Nos. 4 and 5 were assigned to E. P. Miller. All of said notes were transferred by written assignments indorsed on the back, but none of those written assignments were dated. All of the assignments were in the same language, and stipulated that the payee, Mrs. Allen, sold and transferred the notes and guaranteed their payment at maturity or on demand at any time after maturity.

W. T. Nichols, Jr., the holder of notes 1 and 2, instituted this suit to recover on those notes. C. L. Crockett, Mrs. K. C. Allen, and H. A. Inman were named as parties defendants, and judgment was sought against Crockett as maker and against Mrs. Allen and Inman as indorsers.

Mrs. L. B. Brown, the holder of note No. 3 intervened in the suit and prayed for a recovery on that note and for foreclosure of the vendor's lien given to secure the same. E. P. Miller, the holder of notes Nos. 4 and 5, likewise intervened and prayed for a judgment and foreclosure on those notes. Nichols claimed that his lien was superior to that of the two interveners, upon the allegation that his notes were sold first, leaving the other three notes in the hands of the payee, and in that connection he further alleged that it was agreed by and between him and Mrs. Allen that at the time he purchased the notes that the lien securing the same would be superior to that securing the remaining three notes. Mrs. Brown made the same claim of superiority of her lien as against notes 4 and 5.

The case was tried before the court without a jury, and the trial resulted in a judgment foreclosing the vendor's lien in favor of the holders of all the notes, but decreeing that the lien for the first three notes was superior to that securing the last two notes. A personal judgment was rendered in plaintiff's favor and also in favor of the intervener Mrs. Brown. Intervener Miller was denied any personal judgment on the note held by him and also denied any foreclosure of the lien to secure the same, but judgment was rendered in favor of Mrs. Allen on those two notes, although Mrs. Allen never filed any pleading nor in any manner prayed for that relief. The court further found that intervener Miller did not own the two notes Nos. 4 and 5, because he had never paid any valuable consideration therefor.

There was a further finding that the transfers made by Mrs. Allen of notes Nos. 1, 2, and 3 were made with the understanding and agreement with the assignees that such notes would be a first lien on the property, prior and superior to the lien given to secure notes Nos. 4 and 5.

A statement of facts appears in the record which is certified to by the trial judge as a correct and complete statement of all the facts proven upon the trial of the cause.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That statement shows transfers in writing of all five notes, indorsed on the backs and duly signed by Mrs. Allen, as above noted. The transfers so indorsed show that they were made before the maturity of the respective notes, but there is no showing whatever as to which of the notes, if any, were transferred first; nor does the statement of facts show that Mrs. Allen, at the time she transferred the first three notes, agreed with the assignees that the lien given to secure those notes, or any of them, would be superior to the lien given to secure the remaining notes Nos. 4 and 5. Furthermore, there was neither pleading nor proof that Miller bought his notes with notice of the alleged agreement on the part of Mrs. Allen as to the lien securing notes Nos. 4 and 5. The statement of facts contains the testimony of the intervener Miller, who stated without contradiction that notes Nos. 4 and 5 were transferred to him by Mrs. Allen in consideration of the fact that his wife, who was Mrs. Allen's daughter and who owned an interest in the 80 acres of land sold to Crockett, joined her mother, Mrs. Allen, in the deed; in other words, that the notes were transferred to him in satisfaction of his wife's interest in the land that had been sold to Crockett. Furthermore, the written transfers indorsed on the backs of those notes, duly signed by Mrs. Allen, were not attacked by her or by any one else in her behalf. In fact, Mrs. Allen filed no pleadings in the case, and the judgment recites that both she and Crockett although "duly and legally cited to appear and answer herein, came not but wholly made default."

[1, 2] From the foregoing, it is clear that the court erred in rendering judgment in favor of Mrs. Allen rather than in favor of intervener Miller on notes 4 and 5, and in decreeing that the lien in favor of notes 1, 2, and 3 where superior to that securing the payment of notes 4 and 5. 17 R. C. L. p. 610, § 20.

Accordingly, the judgment of the trial court will be so reformed as to decree a personal judgment in favor of W. T. Nichols, Jr., and in favor of intervener Mrs. L. B. Brown against C. L. Crockett and Mrs. Allen, for the respective amounts due on the notes held by them, including principal, interest, and attorneys' fees, and a personal judgment is also decreed in favor of intervener E. P. Miller against C. L. Crockett for the amount due on notes 4 and 5, including principal, interest, and attorneys' fees. It appears that all five of said notes are all past due by reason of a stipulation contained in each that a failure to pay interest as it accrues would mature the whole note. It is further adjudged that each of said parties are entitled to a foreclosure of the vendor's lien upon the 80 acres of land described in plaintiffs' petition to secure their respective personal judgments, and the said lien is hereby foreclosed, but the proceeds of the sale of the property under such foreclosure shall be distributed pro rata among said parties according to the amounts of the personal judgments in favor of each respectively, and in the event the proceeds of the property shall be insufficient to satisfy said personal judgments the respective parties in whose favor such personal judgments are awarded shall have execution for the balance remaining unpaid.

The temporary writ of injunction heretofore issued by this court, restraining the sale of the land described above under an execution issued on the judgment of the trial court, pending this appeal, is hereby made perpetual.