## COMMERCE SECURITIES CORPORATION v. CONGLETON.   (No. 10215.)

Court of Civil Appeals of Texas. Dallas. June 30, 1928.

Rehearing Denied July 28, 1928.

1. **Bills and notes ⬅378—Note indorser held liable on indorsement according to its original tenor, notwithstanding unauthorized guaranty subsequently placed over his signature (Rev. St. 1925, art. 5939, § 124).**

Under Rev. St. 1925, art. 5939, § 124, indorser of note, sued as indorser and not as guarantor, was liable on his indorsement according to its original tenor, notwithstanding unauthorized guaranty clause subsequently placed over his signature.

2. **Alteration of instruments ⬅8—Indorser of note waiving presentment and notice of default held not prejudiced because guaranty clause was subsequently placed over his signature (Rev. St. 1925, art. 5939, § 124).**

Where indorser was sued on note, and it appeared that subsequent to indorsement unauthorized guaranty clause was placed over his signature, and that note contained express waiver of presentment and notice of default, *held* that alteration did not avoid instrument under Rev. St. 1925, art. 5939, § 124, since indorser was not prejudiced.

3. **Bills and notes ⬅280—"Indorser" is entitled to have demand on principal at maturity and to receive notice of default, but "guarantor" is not, without express provision therefor.**

Difference between status of "indorser" and that of "guarantor" is that indorser is entitled to have demand made on principal at maturity and to receive notice of default in payment, unless this is expressly waived, but guarantor is not entitled to have demand for payment nor notice of default unless expressly provided for.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Guarantor; Indorser.]

Appeal from District Court, Dallas County; Payne L. Bush, Judge.

Action by the Commerce Securities Corporation against J. A. Congleton. Judgment for the defendant, and the plaintiff appeals. Reversed and rendered.

R. G. Payne, of Dallas, for appellant.
Coombes & Coombes, of Dallas, for appellee.

LOONEY, J. Commerce Securities Corporation, holder in due course, sued J. A. Congleton, as indorser, on a promissory note executed by J. O'Leary, payable to the order of Quality Motor Company, a partnership, and transferred by the latter to plaintiff. The defendant sought to avoid liability on the ground that, after his indorsement, there was stamped on the back of the note, over his signature, an obligation of guaranty, thus materially altering the instrument, to his prejudice.

The case was tried to a jury, and, in answer to special issues, found that defendant's indorsement was based on a consideration received by him, and that the language, "for value received, all rights and title to this contract, to the property described herein, and the mortgage securing the same, are hereby transferred and assigned, and full payment of the obligation is guaranteed to the Commerce Securities Corporation," was placed on the note above the signature of defendant, after his indorsement, without his knowledge or consent, and that same was never ratified by him.

On these findings and the facts otherwise, the court rendered judgment for defendant, from which plaintiff appealed, and urges the following grounds for reversal: First, that, as plaintiff was holder in due course, and having no knowledge of the alleged alteration nor having participated therein, was entitled to recover against defendant as indorser, that being the original tenor of his obligation; and, second, that the language placed over his signature was not in fact a material alteration of the instrument, nor was it prejudicial to defendant within the meaning of the Negotiable Instruments Act.

Section 124 of article 5939, R. S. 1925, of the Negotiable Instruments Act, reads as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

[1] Defendant was sued as indorser and not as guarantor; hence, under the provisions of the statute just quoted, was liable on the obligation he had assumed according to its original tenor, notwithstanding the unauthorized guaranty clause placed over his signature. Public Bank, etc., v. Knox, Burchard Co., 135 Minn. 171, 160 N. W. 667, and authorities there cited.

[2, 3] The alleged alteration of the instrument could not have prejudiced defendant; for, as before stated, his liability according to the original tenor of the obligation was that of an indorser, whilst the language placed over his signature constituted that of a guarantor. The difference between the status of an indorser and that of a guarantor is that the indorser is entitled to have demand made upon the principal at maturity, and to receive notice of default in payment, unless this is expressly waived, but a guarantor is not entitled to have demand made for

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

payment, nor notice of default, unless expressly provided for. Walcott v. Carpenter, 63 Tex. Civ. App. 108, 132 S. W. 981; Childs on Suretyship and Guaranty, p. 11, § 14; Daniel on Negotiable Instruments (4th Ed.) vol. 2, p. 787, § 1754. As the note in question contained an express waiver of presentment and notice of default, defendant's liability is assimilated to and in truth is the same as that of a guarantor. It follows, therefore, that the alleged alteration was not material as to him because he was in no sense prejudiced thereby.

It is obvious that the change wrought in the law by the above-quoted provision of the Negotiable Instruments Act, whereby a holder in due course of an altered instrument may recover according to its original tenor, necessarily limits the operation of the first clause to such alterations as are prejudicial to a nonassenting party.

The record discloses that plaintiff, as authorized by the mortgage, took possession of the automobile, stored it, and was diligent in efforts to sell for a good price; that defendant was notified and afforded reasonable opportunity to protect himself against what might be considered a sacrificial sale, but he took no action. The car was sold by plaintiff on the only bid received, to wit, for the sum of $10, which was less than plaintiff had paid as storage charges for its preservation.

From the findings of the jury and the undisputed facts, we are of the opinion that the court should have rendered judgment in favor of plaintiff for the full amount of the note, principal, interest, and attorney's fees, and that it is our duty to render such judgment as should have been rendered. It is therefore ordered that the judgment below be and is hereby reversed, and that judgment be here rendered for plaintiff against defendant for the full amount of the note, principal, interest, and attorney's fees, and all costs of this and the court below.

Reversed and rendered.