# FEBRUARY, 1935

I. E. MALTBY ET AL. (JACOBO GARZA H. ET AL.) V.
A. M. LONGORIA ET AL.

No. 6301. Decided February 6, 1935.
(78 S. W., 2d Series, 176.)

 

*Griffin & Kimbrough,* of McAllen, *Douglas & Black,* of San Antonio, and *Black & Graves;* of Austin, for plaintiffs in error.

Longoria held two notes (one for $3,000 and one for $12,000) acquired as one transaction and jointly secured by a mechanic's lien contract and he assigned and personally endorsed the $12,000 note to Braniff Investment Co., retaining the $3,000 note. Such transfer carried with it a superiority of lien for the $12,000 note. Whitehead v. Fisher, 64 Texas, 638; Wooters v. Hollingsworth, 58 Texas, 371; Perry v. Dowdell, 84 S. W., 833 (writ of error refused); Rogers v. Smith, 31 S. W. (2d) 871; Douglas v. Blount, 95 Texas, 369.

*Bryce Ferguson,* of Edinburg, and *Strickland, Ewers & Wilkins,* of Mission, for defendants in error.

Mere indorsement in blank of assigned note, one of two of same series secured by common lien on land, does not give holder of assigned note a priority of lien, nor is such indorsement alone equivalent to a guarantee of payment nor is such indorsement alone equivalent to an agreement that the assigned note shall have preference as to the lien. Anderson v. Perry, 98 Texas, 493, 85 S. W., 1138; Dell v. Freedman, 60 S. W., 448; Walcott v. Carpenter, 132 S. W., 981.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The defendant in error, Longoria, contracted with Jacobo Garza to construct certain improvements on a city lot belonging to Garza, in the city of McAllen. For the work, Garza executed to Longoria two promissory notes of equal rank, for the sum of $12,000.00 and $3,000.00, respectively; each of the notes providing for ten per cent attorney fees for collection. Both notes were payable 120 days after date, and were secured by a contractor's lien executed by Garza. The lien was promptly recorded. Shortly afterwards, Longoria sold and transferred the $12,000.00 note to the Braniff Investment Company, indorsing same in blank. Later, Garza executed to the Investment Company a renewal note, in lieu of the original $12,000.00 note. The terms of payment of the renewal note differed from

those of the original note. To secure the renewal note, Garza executed a deed of trust on the same property covered by the contractor's lien. The trustee was invested with the usual power of sale. Afterwards, the Investment Company transferred the renewal note and the deed of trust lien to the Liberty National Bank of Oklahoma City. Later, Garza defaulted in payment of the note, and, at the instance of the bank, the trustee in the deed of trust duly sold the mortgaged property, under the power of sale. J. F. Colson purchased the property at said sale, for the sum of $12,500.00 cash, and later deeded the property to I. E. Maltby for the sum of $15,000.00, payable $1,000.00 cash, and $14,000.00 in vendor's lien notes executed by Maltby to the Braniff Investment Company. Thereafter Longoria brought this suit against Garza, the Investment Company, the Liberty National Bank, Colson, Maltby and others, seeking recovery on said $3,000.00 note as against Garza, and for foreclosure of the contractor's lien as against all the defendants. The trial of the case resulted in a judgment to the following effect: (a) For the recovery by Longoria from Garza of the amount due on the $3,000.00 note, with foreclosure as against Garza alone; (b) for foreclosure as against the other defendants, named above, on condition that Longoria deposit in the registry of the court as specified sum, to satisfy the $12,000.00 renewal note and other incidental charges claimed by said defendants; (c) the deposit was required to be made within fifteen days, else Longoria should be forever barred from foreclosure as against any of the last mentioned defendants. Other provisions of the judgment are not presently material. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 49 S. W. (2d) 530.

The foregoing statement contains the substance of all the facts, as the case stands before us, upon which depends the correctness of the trial court's judgment in respect to foreclosure of the contractor's lien as against the above named defendant's other than Garza. The nature of the questions raised will appear from the opinion.

■ The substitution of the renewal note for the original $12,000.00 note, involving as it did the alteration of the terms of the original note which bore Longoria's unqualified indorsement, had effect to discharge Longoria from his indorsement contract; but as respects the contractor's lien, the renewal note took the place of the original note, and the security afforded by the lien remained unimpaired. Belcher Land Mortgage Co. v. Taylor, 212 S. W., 647. The coordinate rank of the renewal

note and the $3,000.00 note, with reference to the common lien, was not disturbed. The rights of Longoria were not affected by the deed of trust executed by Garza in the renewal transaction, nor by the foreclosure sale under the terms of that instrument. The renewal note, as it applies to the contractor's lien, was not discharged by said foreclosure sale, but equity treats same as still subsisting in so far as the contractor's lien is involved. Lewis v. Ross, 95 Texas, 358; Douglas v. Blount, 95 Texas, 369.

■ It is contended, in effect, that the sale and transfer of the $12,000 note to the Braniff Investment Company by Longoria had effect, with reference to the common lien, to give said note priority of payment over the $3,000.00 note retained by Longoria. The contention is overruled. Fitch v. Kennard, 133 S. W., 758 (writ refused). In the case cited, the holder of two notes of equal rank, secured by a common lien, had transferred one of them by indorsement "without recourse," and retained the other. The suit involved both notes. As against the transferror, superiority for the transferred note, with respect to the common lien, was claimed. The appellate court denied the claim. The basic reason for the ruling was the absence of liability, on the part of the transferror, to pay the transferred note. Precisely the same situation occurs in the present case. Longoria never became charged with liability to pay the $12,000.00 note. The terms of his indorsement contract, upon which his liability in this respect depended, were not performed nor was performance excused. See R. S., Art 5936, sec. 66, and succeeding articles. Besides, the terms of his indorsement contract were altered without his consent, and he was thereby discharged from all liability in respect to the $12,000.00 note.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 6, 1935.