## RECONSTRUCTION FINANCE CORPORATION v. SMITH.

### No. 8376.

Court of Civil Appeals of Texas. Austin.

July 15, 1936.

Rehearing Denied Sept. 23, 1936.

R. H. Wallace and Birkhead, Beckmann, Stanard & Vance, all of San Antonio, for appellant.

Cofer & Cofer, of Austin, for appellee.

BLAIR, Justice:

This appeal presents an issue of law as to the priority of liens between appellant and appellee, the holders of different notes of the same series and secured by the same deed of trust. The agreed facts determining such priority are as follows:

Jeanette Smith executed a series of thirty-five notes, payable to the Texas Bank & Trust Company, and secured them by a deed of trust on real estate. Before the maturity of any of the notes, the payee bank assigned and indorsed with

recourse all of the notes except four (Nos. 29, 33, 34, and 35), which it retained; and by a contemporaneous written agreement expressly guaranteed the payment of the notes so assigned when due. After the maturity of the four notes retained by it, the payee bank, as owner and holder, assigned them to the Republic Bank & Trust Company, which bank expressly assumed the guaranty and indorsement obligations of the payee bank on the first notes assigned. Later, while said four notes were still past due, the Republic Bank & Trust Company duly indorsed with recourse and pledged them to appellant as collateral security for a loan. During the pendency of this suit the holders of all of the unpaid notes of the series agreed to a sale thereof, and divided the proceeds, with the agreement by appellant that it would pay appellee $1,125, in the event her lien was held to be superior or prior. The trial court held appellee's lien to be prior to that of appellant, and accordingly rendered judgment in her favor for $1,125.

The rule is settled in Texas that, where the holder of notes of the same series and secured by the same mortgage or deed of trust assigns part of the notes and retains part of them, and has indorsed the assigned notes so as to become liable thereon, or has guaranteed the payment of the assigned notes, the assignee has a prior lien. In such case the assignor, as the holder of the other notes secured by the same mortgage or deed of trust, cannot compete with the assignee for the proceeds of the sale. Cannon v. McDaniel, 46 Tex. 303; Anderson v. Perry, 98 Tex. 493, 85 S.W. 1138; Pustejovsky et al. v. K. J. Z. T. Lodge, 124 Tex. 504, 79 S.W.(2d) 1084; Maltby v. Longoria, 124 Tex. 428, 78 S.W.(2d) 176; Whitehead v. Fisher, 64 Tex. 638; Douglass v. Blount, 22 Tex.Civ.App. 493, 55 S.W. 526, 528; Perry v. Dowdell, 38 Tex.Civ.App. 96, 84 S.W. 833; Walcott v. Carpenter, 63 Tex. Civ.App. 108, 132 S.W. 981; Martin v. Gray (Tex.Civ.App.) 159 S.W. 118; First State Bank v. McElwrath (Tex.Civ.App.) 266 S.W. 837; Rogers v. Smith (Tex.Civ. App.) 31 S.W.(2d) 871. Nor can another whose equity rises no higher than the right of the assignor compete as a holder of the other notes secured by the same mortgage with the assignee, if the assignor has indorsed the assigned notes so as to become liable thereon, or has guaranteed the payment of the assigned notes. Pustejovsky et al. v. K. J. Z. T. Lodge, supra; Douglass v. Blount, supra; Perry v. Dowdell, supra; Kendall v. Johnson (Tex.Civ.App.) 258 S. W. 1093; Caraway v. Fowler (Tex.Com. App.) 267 S.W. 672; Id. (Tex.Civ.App.) 255 S.W. 995; Miller v. Nichols (Tex. Civ.App.) 258 S.W. 855; Lewis v. Ross (Tex.Civ.App.) 65 S.W. 504, 505; Cannon v. McDaniel, supra.

The equities of appellant, Reconstruction Finance Corporation, do not rise higher than those of either the Texas Bank & Trust Company or the Republic Bank & Trust Company. It accepted the pledge of the four notes as collateral security after their maturity. Our statute (article 5935, § 57, R.S.1925) and the rule of the law merchant, as applied by our courts prior to the enactment of the statute, provide that one who takes a note after maturity is not a holder in due course, but takes with notice of, and subject to, all of the defences which might have been asserted against his transferor or assignor. Walker v. Wilson, 79 Tex. 185, 14 S.W. 798, 15 S.W. 402; Davis v. Sittig, 65 Tex. 497; City National Bank v. Underwood (Tex.Civ.App.) 293 S.W. 941, writ refused. Appellant was merely a pledgee of the notes after maturity as collateral security for a loan, and our statute (article 5933 § 27, R.S.1925) provides and our courts hold, independent of the statute, that a pledgee of a negotiable instrument after maturity takes no better title thereto than the pledgor himself has. Climber Motor Corp. v. Fore (Tex.Civ. App.) 273 S.W. 284; Brown v. Thompson, 79 Tex. 58, 15 S.W. 168; Iowa City State Bank v. Friar (Tex.Civ.App.) 167 S.W. 261. And in determining the priority of liens as between the holders, pledgees, or assignees of different notes of the same series secured by the same mortgage, the courts of this state hold that a subsequent assignee after maturity stands in the same position of the transferor, pledgor, or assignor with reference to his prior assignment of a part of the notes with guaranty of payment. This point was clearly decided in the case of Douglass v. Blount, supra, wherein the court say: "While in this case the contest is between two assignees of Fortescue, Blount does not occupy any stronger position than would be held by Fortescue were he a party instead of Blount; for the transfer of the notes to him took place long after their

maturity." See, also, Delespine v. Campbell, 45. Tex. 628; Paris Exchange Bank v. Beard, 49 Tex. 358.

Appellant admits that, as between the two banks which expressly guaranteed the payment of her notes and appellee, her lien is prior. But appellant seems to contend that a distinction should be recognized in cases where the priority is claimed by virtue of a contract of guaranty of payment of the notes assigned and a contract expressly fixing or giving priority of lien; and that, when such a distinction is recognized, the holders of different notes of the same series, whether assignor assigned with guaranty of payment on the one hand, and by open indorsement and transfer with recourse after maturity on the other hand, are entitled to share on a parity in the proceeds of the sale or foreclosure. And thus reasoning appellant contends that the subsequent assignment of the four notes after their maturity as collateral security to appellant created in it as pledgee an equity which neither the payee bank nor the pledgor bank enjoyed. This contention is not sustained for two reasons. In the first place, the question is not whether the priority given to the assignee of the first notes assigned by guaranty of payment fails upon the subsequent assignment of the remainder of the notes of the series, but the question is one of notice. Our courts have uniformly held that, if any of a series of notes, constituting a part of one consideration and one contract, have matured at the time of a transfer of the series, the transferee takes the whole, subject to whatever defenses might be urged against the transferor. Harrington v. H. B. Claflin & Co., 91 Tex. 294, 42 S.W. 1055. And under this rule a transferee of a part of the notes after maturity would be barred by the priority of lien established by the guaranty of payment of the notes transferred by his transferor as hereinabove held.

In the second place, there is no such distinction as contended for by appellant, but the Supreme Court has held that the effect of a contract of guaranty and a contract expressly creating a priority of liens is the same. In the recent case of Pustejovsky v. K. J. Z. T. Lodge, 124 Tex. 504, 79 S.W.(2d) 1084, decided since the appeal of this case, the court say: "In the case at bar both assignees bargained for priority of lien. Anton Miculka as the first assignee bargained for and re- ceived an agreement of guaranty of payment of notes 15 and 16, which was tantamount to an agreement for priority. He failed to record his assignment. The lodge, as the second assignee and as a subsequent purchaser without notice, bargained for and received an agreement for priority of lien to secure the payment of the notes assigned to it, 9 to 14, inclusive. It secured and recorded an assignment embodying its agreement for priority."

Counsel for appellant conceded in oral argument that this decision was apparently against the contention made by appellant. See, also, Maltby v. Longoria, 124 Tex. 428, 78 S.W.(2d) 176.

The judgment of the trial court will be affirmed.

Affirmed.