**D. S. ROSEBOROUGH, Appellant,**

v.

**V. P. PHILLIPS, Appellee.**

No. 16471.

Court of Civil Appeals of Texas.

Dallas.

March 5, 1965.

L. A. Bedford, Jr., Dallas, for appellant.

Esir Tobolowsky, Dallas, for appellee.

WILLIAMS, Justice.

V. P. Phillips brought this suit against Volneys' Inc., a corporation, V. B. Phillips, Johnny Walker, D. S. Roseborough and L. R. Bright, on two promissory notes and to establish and foreclose a lien on certain real property. One promissory note, dated June 28, 1961, in the sum of $2,000 was executed by defendant Volneys' Inc. The individual defendants, by a separate written guarantee, assumed personal liability in the event of nonpayment by Volneys' Inc. The other promissory note was in the principal sum of $1,465.65 and was executed by all of the defendants. All of the defendants, with the exception of the defendant Roseborough, defaulted and judgment was rendered against them from which no appeal was taken. Defendant Roseborough answered, setting forth various defenses, including an allegation to the effect that there was a verbal agreement whereby he would not be held personally liable on the note for $1,465.65.

At the conclusion of a nonjury trial defendant Roseborough filed a motion for judgment based upon the proposition that plaintiff had neither pled nor proved notice of dishonor of the note for $2,000. Such motion was overruled and the court proceeded to render judgment against defendant Roseborough for the principal amount of the notes in question, together with interest and attorneys' fees as therein provided, but denied plaintiff's prayer for foreclosure of lien. Roseborough appeals, contending in two points of error that the trial court erred in rendering judgment against him on the two notes because (1) there are no pleadings or evidence that notice of dishonor was given him in connection with the $2,000 note; and (2) that as to the note for $1,465.65 there was an agreement to the effect that Roseborough was not to be held personally liable thereon. Both points are found to be without merit and are overruled.

■ Appellant's first point relating to failure of appellee to either plead or prove notice of dishonor, as provided by Vernon's Ann.Civ.St. Art. 5938, § 89, Texas Negotiable Instruments Act, demands a study of the note and collateral agreement to properly determine the legal status of appellant. The note, dated June 28, 1961, in the principal sum of $2,000, and representing cash advanced by appellee to Volneys' Inc., is regular on its face and signed "Volneys' Inc., Dallas, Texas, Volney B. Phillips (President)." On the reverse side of the note is found the following:

"It is specially agreed and understood that this obligation is to be paid by Volneys' Inc. in monthly payments, in the amount of Fifty Five Dollars per month, until the said amount is paid in full, providing the last payment shall be in the amount of Seventy Five Dollars, and all shall be paid within 36 months from the date hereof. Such payments are to be made on or before the 15th day of each month.

It is specially agreed and understood that this obligation is to be paid by Volneys' Inc. But in the event the said Corporation for any reason fails to perform this obligation, or any part thereof then the following named and undersigned Directors shall be individually liable thereon:

V. B. Phillips, /s/ V. B. Phillips.  Bennie King,[1] /s/ Bennie King.
Johnny Walker, /s/ Johnny Walker.  L. R. Bright, /s/ L. R. Bright
D. S. Roseborough, /s/ D. S. Roseborough.                          "

---

1. Bennie King is shown to be deceased and is not a party to this suit.

It is evident from the reading of this instrument that it is a separate and collateral agreement by appellant, and the other directors of the corporation, whereby they, and each of them, guarantee the payment of the note in the event the same is not paid by Volneys' Inc. Thus appellant Roseborough, and the other signers of the collateral agreement, became guarantors and not indorsers in the sense of that term under Negotiable Instruments Law. Hughes v. Straus-Frank Co., Tex.Civ.App., 127 S.W. 2d 582, affirmed Supreme Court, 138 Tex. 50, 156 S.W.2d 519; Smith v. Montgomery, 3 Tex. 199; Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.2d 748; Shropshire v. Smith, Tex.Civ.App., 37 S.W. 174; 21 Tex. Jur., p. 135, et seq.

That appellant Roseborough was, indeed, a guarantor was admitted and stipulated by counsel for appellant in open court wherein he said: "The defendant is a guarantor, certainly under the note of, if he is to be considered anything, he is to be considered a guarantor on the note given June the 28th, which says that at that time they guarantee payment of that note." Being a guarantor, and not an indorser, was it encumbent upon appellee to allege and prove notice of dishonor of the note in question to appellant as required by Art. 5938, § 89, Negotiable Instruments Act of Texas? We think not.

Since appellant's liability is contingent upon the separate and collateral agreement, constituting him a guarantor as contra-distinguished from that of indorser, the provisions of the Negotiable Instruments Law relating to notice of dishonor to an indorser are not applicable. As stated by Justice Looney of this court in Commerce Securities Corp. v. Congleton, Tex.Civ.App., 8 S.W.2d 803, wr. dism.:

"The difference between the status of an indorser and that of a guarantor is that the indorser is entitled to have demand made upon the principal at maturity, and to receive notice of default in payment, unless this is expressly waived, but a guarantor is not entitled

to have demand made for payment, nor notice of default, unless expressly provided for. Walcott v. Carpenter, 63 Tex.Civ.App. 108, 132 S.W. 981; Childs on Suretyship and Guaranty, p. 11, § 14; Daniel on Negotiable Instruments (4th Ed.) vol. 2, p. 787, § 1754."

■ Even if it could be said, *arguendo,* appellant Roseborough occupied the status of indorser, and not as guarantor, and therefore entitled to notice of dishonor under the Texas Negotiable Instruments Act, we think that the record in this case abundantly demonstrates that such notice of dishonor was given to him prior to the institution of this suit. Art. 5938, § 96, Texas Negotiable Instruments Act, provides that the notice of dishonor may be given either in writing or orally. Appellee Phillips testified that upon failure of Volneys' Inc. to pay the note in question he brought up the subject of nonpayment in several directors' meetings at which appellant Roseborough was present. He said that on each of these occasions he demanded his money and was told by Roseborough that the debt was just and that he, Roseborough, was willing to pay the same when the others would agree to pay. This, in our opinion, constitutes ample notice of dishonor to Roseborough. As to the pleadings, appellee did not plead notice of dishonor nor did appellant Roseborough specially except to such failure nor did he plead such failure as an affirmative defense under Rule 94, Texas Rules of Civil Procedure. The testimony concerning notice of dishonor was introduced without objection. Any possible defect of pleading was waived.

■ Since no findings of fact or conclusions of law were requested or filed it is presumed that the trial judge made appropriate findings to support the judgment rendered. We find ample evidence to support the implied findings of the trial court.

■ By his second point appellant contends that, as to the note for $1,465.65, the undisputed evidence showed that appellee

accepted the note with intention not to hold appellant liable thereon. This point is without merit for several reasons. In the first place, the evidence is far from being undisputed on this question. At one point in Phillips' testimony he vaguely indicated that he "didn't particularly bind them on that," apparently referring to the note in question. However, at several other points during his testimony he positively and un-equivocally stated that he expected the men that signed the note to pay the money. In this state of the record the trial judge was perfectly justified in making the im-plied finding against appellant's contention. Moreover, the negotiable instrument sued upon was clear and express in its terms. An unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument. Dean et al. v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900, err. dism.; Mitcham v. London, Tex. Civ.App., 110 S.W.2d 140; Cooper Co. v. Smith, Tex.Civ.App., 126 S.W.2d 518; Crumpler v. Humphries, Tex.Civ.App., 218 S.W.2d 215; Dewey v. C. I. T. Corp., Tex. Civ.App., 374 S.W.2d 298; Johnson v. Packaging Corp. of America, Tex.Civ.App., 375 S.W.2d 780; Steve Lynn Motor Co., Inc. v. Pavelka, Tex.Civ.App., 371 S.W.2d 928; 9 Tex.Jur. 2, p. 323, § 294; Kane v. Union State Bank et al., Tex.Civ.App., 384 S.W.2d 358; Snowden v. Franklin Nat'l Bank of Long Island, 338 F.2d 995 (5th Circuit).

 Our Supreme Court, in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, pointed out the distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. As therein pointed out, by the express terms of the Negotiable Instruments Act, delivery upon a condition or for a special purpose only may always be shown as between the immediate parties. On the other hand, a parol condition or agreement relating to payment of a delivered instrument is not en-forceable if it operates to add to, take away from or vary the terms of the writ-ten agreement. Helmke v. Prasifka, Tex. Civ.App., 17 S.W.2d 463, wr. ref.; Shep-herd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581.

We have carefully reviewed this entire record and find no reversible error reflected therein. Accordingly, the judgment of the trial court is affirmed.

Affirmed.